NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1694
_____

RENA C., Individually and on behalf of A.D.,
Appellant

v.

COLONIAL SCHOOL DISTRICT
_____

On Appeal from the United States District Court
for the Eastern of Pennsylvania
(D.C. No. 2-15-cv-01914)
District Judge: Hon. Timothy J. Savage
_____

Submitted Under Third Circuit LAR 34.1(a)
November 16, 2020

Before: JORDAN, KRAUSE, and RESTREPO, *Circuit Judges.*

(Filed: December 16, 2020)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

This case under the Individuals with Disabilities Education Act ("IDEA") comes before us for a second time, once again on a dispute over the amount of attorneys' fees awarded to the prevailing party, Rena C. Having concluded that the District Court did not appropriately apply the operative legal principles for assessing fees, we will vacate the fee order and remand for reconsideration.

## I.    BACKGROUND

### A.    The Administrative Background

Rena C.'s child, A.D., was enrolled in private school because the defendant school district, Colonial, "had failed to provide a free, appropriate public education" that supported A.D.'s needs and is "required by the IDEA." *Rena C. v. Colonial Sch. Dist.*, 890 F.3d 404, 411 (3d Cir. 2018). Pursuant to an administrative determination, Colonial was ordered to reimburse Rena C. for A.D.'s private school tuition "until Colonial convened an appropriate IEP [that is, Individualized Education Program] meeting." *Id.*

Following that determination, in June 2014, Colonial offered an IEP to return A.D. to a public school in the district. *Id.* Rena C., however, disputed the IEP's adequacy and, at the end of the summer, notified Colonial that she intended to enroll A.D. in private school again for the following school year, "request[ing] reimbursement for tuition and related expenses." *Id.* Colonial claimed the new IEP was adequate and therefore the school district had no obligation to reimburse any educational expenses. *Id.* Rena C. then filed an administrative complaint challenging the adequacy of the IEP and seeking "declaratory relief and reimbursement for private tuition and associated costs ('tuition

2

reimbursement') arising from [A.D.]'s private placements" for the relevant school years. *Id.* (alteration in original) (internal quotation marks and citations omitted).

On September 18, 2014, prior to the administrative hearing on that complaint, Colonial provided Rena C. with a written offer, agreeing to pay for A.D.'s private school tuition and transportation. *Id.* She rejected the offer, claiming it was not valid and "was inadequate for failing to address attorney's fees or pendency."[1] *Id.* "The parties attempted negotiation, but eventually proceeded to an administrative hearing[,]" engaged in mediation, and ultimately "stipulated to a consent order entered by an administrative hearing office providing for tuition, one-on-one instruction support, transportation, and pendency at" a private school. *Id.* at 411-12.

## B.     The District Court's First Order Awarding Attorneys' Fees

As the prevailing party in the underlying administrative matter, Rena C. filed a claim in the District Court for reasonable attorneys' fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(I). The Court granted summary judgment on her claim, agreeing that she was eligible to recover attorneys' fees as the prevailing party. But, pursuant to IDEA's fee provisions, the Court imposed a temporal limitation, permitting her recovery only for the fees she accrued before Colonial had extended its written settlement offer. *See id.* § 1415(i)(3)(D)(i), (E) (barring reimbursement of attorneys' fees "for services

---

[1] "Pendency refers to a student's right under the IDEA to 'stay-put' in the current educational placement. The 'stay-put' provision … requires the school district to continue to pay for the 'then-current educational placement' during the pendency of proceedings resolving placement disputes." *Rena C.*, 890 F.3d at 415 (citing 20 U.S.C. § 1415(j)).

3

performed subsequent to the time of a written offer of settlement to a parent if[,]" among other things, "the court … finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement" *unless* the parents were "substantially justified in rejecting the settlement offer" (emphasis added)).  The Court determined that the relief Rena C. finally obtained was not more favorable to her than Colonial's offer of settlement.  And Rena C. was, therefore, statutorily barred from recovering post-offer attorneys' fees, unless she was "substantially justified in rejecting" that offer.  *Id.* § 1415(i)(3)(E).

On that point, the District Court concluded that Rena C. was not substantially justified.  It reasoned that, since she could have "raise[d] her concerns regarding attorney's fees" sooner, "there was no real dispute about attorney's fees at the time the offer was made[.]"  (App. at 110.)  And thus, according to the Court, Rena C. "and her counsel unnecessarily protracted the litigation" by "persisting in her frivolous arguments."  (App. at 110-11.)

On those bases, it "award[ed] her attorney's fees only for work performed to September 28, 2014, the date [Colonial's] ten-day offer expired."  (App. at 111.)

## C. Reversal and Remand

Rena C. appealed that order, contending that she was entitled to recover post-offer attorneys' fees.  *Rena C.*, 890 F.3d at 412-13.  She advanced several alternative arguments in support of her challenge.  First, she claimed she was not statutorily barred from recovering attorneys' fees accrued after Colonial's offer because the offer was not valid and "she received more favorable relief in the administrative order than Colonial

4

had included in [its] offer." *Id.* at 412. We disagreed and concluded that "[t]he bar of 20 U.S.C. § 1415(i)(3)(D)(i) therefore applies and … prevent[s] [Rena C.] from receiving [post-offer] attorney's fees … unless she was substantially justified in rejecting Colonial's offer." *Id.* at 417.

The next issue, then, was whether Rena C. was substantially justified in rejecting the offer and therefore exempt from the statutory bar. We decided she was, observing that "[t]en-day offer letters should not permit school boards to force parents to choose between securing an appropriate placement for their child and obtaining the attorney's fees to which they would otherwise be statutorily entitled." *Id.* at 418; *see also id.* at 420 ("A parent is substantially justified in rejecting an offer that does not include the payment of reasonable attorney's fees when the school district cannot reasonably believe that no attorney's fees have accrued."). Consequently, we did not reach her remaining arguments. *Id.* at 413. We "reverse[d] and remand[ed] to the District Court for calculation of reasonable attorney's fees … consistent with [our] holding that Rena C. was substantially justified in rejecting the [written] offer under 20 U.S.C. § 1415(i)(3)(E)." *Id.* at 420.

## D. The District Court's Second Order Awarding Attorneys' Fees

On remand, the District Court again considered Rena C.'s application for attorneys' fees, this time including fees requested for post-offer work. After deciding upon the hourly rate,[2] the Court addressed counsel's time entries, which amounted to

---

[2] The District Court adopted the hourly rate and annual increase laid out in Rena C.'s original fee agreement. It awarded a "base rate of $350 with annual increases of five

5

593.4 hours.[3]  It began by itemizing and deducting as "duplicative and excessive" the following entries:

- "1.3 hours spent on the Right to Know Law requests" because "a comparison between the hours billed by Colonial's counsel and [Rena C.'s counsel] is not helpful[,]" (App. at 17);

- 47.1 hours "out of the 94.2 hours of block-billing for which no time was already deducted" voluntarily, where the Court chose to "split the difference" and deduct half the time because it only "approve[d] time reasonably correlated to permissible" or "reimbursable tasks";[4] found that "these entries include[d] some reimbursable tasks"; and couldn't "determine how much of the total time [for block-billed entries] [was] allocable to each activity[,]"  (App. at 19);

- "3.9 hours … for administrative-type tasks" that "could have been easily delegated to a paralegal or secretary[,]" (App. at 19-20 (citation omitted));

- 17.45 hours out of "34.9 hours entered for interoffice communications and communications with the referring attorney" as excessive, (App. at 20);

- 0.5 hours for entries "appear[ing] duplicative[,]" (App. at 20); and

---

percent[.]"  (App. at 13).  The Court then calculated the average rate, presumably based upon that formulation, "bringing [lead counsel's] hourly rate to $437.50."  (App. at 13.) Though Rena C. briefly questions this aspect of the award, "[w]e believe that the better practice in raising such computational challenges is first to bring a motion for reconsideration in the district court.  It is difficult for the Court of Appeals to reconstruct the mathematics used by the district judge, and thus difficult for us to assess the merits of such claims."  *Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 725 (3d Cir. 1989). Because remand is already appropriate on other grounds, as described herein, "we will leave [Rena C.'s] allegations of computational error for the [D]istrict [C]ourt to consider on remand."  *Id.*

[3] Already excluded were 67.9 hours that Rena C.'s attorneys "voluntarily deducted … that could be considered excessive, redundant[,] or unnecessary, including reducing time that Colonial objected to during the initial fee petition proceedings."  (App. at 14.)

[4] The District Court did not explain what constituted "permissible" or "reimbursable tasks."  (App. at 19.)

6

- "0.2 hours for one entry … reviewing a timesheet[.]" (App. at 20.)

The time entries above accrue to a total of 70.45 hours deducted as "duplicative and excessive[,]" adjusting the total hours to 522.95 hours.[5] (App. at 20.)

The Court then "consider[ed] two additional principles governing" its calculation of attorneys' fees: "[t]he extent of [Rena C.'s] success" under the Supreme Court's guidance in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), and the IDEA's bar to recovering post-offer attorneys' fees "if the relief obtained was not more favorable than [Colonial's] offer." (App. at 21 (citations omitted).) According to the Court, "applying these two principles requires [it] to reduce the time spent on those issues on which Rena did not prevail or had been included in Colonial's … offer." (App. at 21.)

Predicated on its interpretation of *Hensley*, the Court found that Rena C. had only prevailed on one issue, her "entitlement to attorney's fees." (App. at 21.) It deducted "16.1 hours spent on the issues of expert fees and the validity of the offer" and further determined that any time spent litigating "one-on-one instruction and pendency" was "not compensable[,]" since those terms were part of Colonial's offer. (App. at 22-23.) And

---

[5] Rena C. challenges the District Court's determination that the list of time entries deducted thus far amounts to "86.55 hours as duplicative and excessive, adjusting the total hours to 506.85 hours." (App. at 20.) While there is a 16.1-hour discrepancy between our calculation and the District Court's, it appears that the Court may have prematurely incorporated into its calculation the deductions of "time entries for issues on which Rena did not prevail[,]" which amounted to 16.1 hours. (App. at 21-22.) On remand, the District Court should provide "a concise but clear explanation of its reasons" for this reduction. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). If the premise on which that deduction is grounded is a consideration of whether Rena C. prevailed on an issue-by-issue basis, our discussion herein describes why we believe that is not analytically sound. *See infra* Section II.A.

because her counsel did "not allocate time" on an issue-by-issue basis, the Court assumed Rena C.'s counsel "spent at least the same amount of time on the issues related to Rena's child's interest as he did on his fees[,]" determined that the block-billing approach should therefore apply, and "split the difference." (App. at 23.) In other words, after identifying 86.55 specific hours to eliminate, it applied a further wholesale reduction, dividing the remaining 506.85 hours in half and concluding that 253.425 hours was reasonable.

Rena C. has timely appealed again, challenging the District Court's second order awarding attorneys' fees.

## II.    DISCUSSION[6]

According to Rena C., the District Court erred in concluding that she can only recover post-offer attorneys' fees accrued on issues on which she was the prevailing party and which were not included in Colonial's offer. She contends that the Court's decision is contrary to the rules set forth in *Hensley* for calculating fees and is unfaithful to the law of the case, as set forth in our earlier decision in this matter. She also challenges the Court's decision to split the fee award in half "based on the unsupported assumption that [her attorneys] spent equal time working on prevailing and non-prevailing arguments." (Opening Br. at 23.) Lastly, she argues that the Court miscalculated counsel's hourly rate

---

[6] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. We have jurisdiction pursuant to 28 U.S.C. § 1291.

and the total hours designated as excessive or redundant.[7] We agree that remand is in order.

### A. Rena C. is eligible to recover reasonable attorneys' fees for time spent on the validity of the offer, pendency, and the terms originally included in Colonial's offer.[8]

The central concern on appeal is the District Court's "consider[ation of] two … principles governing the awarding of attorney's fees." (App. at 21.) The first is the "degree of success" factor described in *Hensley*, under which the Court found that Rena C. had "spent a significant amount of time pursuing several issues[,]" but only "prevailed on one – entitlement to attorney's fees." (App. at 21.) The second is the statutory bar to recover attorneys' fees "for services performed" post-offer, which, according to the Court, applied since "the relief [Rena C.] obtained was not more

---

[7] In addition, Rena C. asks that her case be reassigned to a different district judge on remand. Reassignment is a remedy we consider "exceptional," "weigh seriously[,] and order sparingly," and, as a general rule, only when a "judge's impartiality might reasonably be questioned." *Arrowpoint Capital Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 329 (3d Cir. 2015) (citations omitted). There is no basis to do so here. While we agree that the Court's calculations involved erroneous applications of the relevant legal standards in *Hensley* and *Rena C.*, "adverse rulings – even if they are erroneous – are not in themselves proof of prejudice or bias." *Id.* at 330 (citations omitted). Here, as further explained in this opinion, the District Court conflated the relationship between the statutory provisions directed towards entitlement to fees and those provisions directed towards adjustments to fees. *Compare* 20 U.S.C. § 1415(i)(3)(B), (D), (E) (permitting or prohibiting attorneys' fees), *with id.* § 1415(i)(3)(F), (G) (reducing attorneys' fees). But that does not indicate, nor does the record suggest, that the District Court's impartiality can reasonably be questioned.

[8] "Although ordinarily we review attorneys' fees rulings for abuse of discretion, our review is plenary where, as here, the district court based its denial on legal conclusions." *M.R. v. Ridley Sch. Dist.*, 868 F.3d 218, 223 (3d Cir. 2017).

favorable than the offer." (App. at 21.) Combining these principles, the Court concluded it was "require[d] … to reduce the time spent on those issues on which Rena did not prevail or had been included in Colonial's … offer." (App. at 21.)

### 1. As the prevailing party in an action involving a single claim for relief, Rena C.'s fee award need not necessarily be reduced based on a failure to prevail on every contention raised.

When determining a fee award, an important factor "that may lead the district court to adjust the fee upward or downward" is the prevailing party's "degree of success." *Hensley*, 461 U.S. at 434, 436. "There is no precise rule or formula for making these determinations." *Id.* at 436. And "[t]he court necessarily has discretion in making this equitable judgment." *Id.* at 437. But that discretion "must be exercised in light of [certain] considerations" laid out in *Hensley*. *Id.* One is the distinction between two kinds of prevailing parties: a party that succeeds on every claim and a party that "is deemed 'prevailing' even though he succeeded on only some of his claims for relief." *Id.* at 434.

When a party, like Rena C., prevails in an action involving either "only a single claim" or multiple "claims for relief" that have "a common core of facts or … based on related legal theories," the "lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435. In doing so, "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and *the court's rejection of or failure to*

10

*reach certain grounds is not a sufficient reason for reducing a fee.* The result is what matters."[9] *Id.* (emphasis added) (citation omitted).

A district court is thus not supposed to assign prevailing party status on an issue-by-issue basis as a method of measuring a party's overall success when calculating attorneys' fees. *Id.* at 435 n.11 (rejecting "a mathematical approach comparing the total number of issues in the case with those actually prevailed upon" (citation omitted)). That, however, appears to be what the District Court did here. It divided Rena C.'s claim for relief into a series of sub-issues, saying that Rena C. had only prevailed on the issue of "entitlement to attorney's fees," and so it reduced her fee award. (App. at 21.) Yet there is no entitlement to attorneys' fees without first obtaining "prevailing party" status as to an actual claim for relief. *See Rena C.*, 890 F.3d at 417 ("To obtain attorney's fees in court, parents must be the prevailing party with a judgment on the merits, or a court-ordered consent decree that creates a 'material alteration of the legal relationship.'" (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001))).

Here, Rena C.'s IDEA claim arose from Colonial's failure to offer an IEP affording her child a free and appropriate public education. She accordingly requested

---

[9] This does not mean a court can never assess a party's overall success on an issue-by-issue basis for a single-claim lawsuit. That assessment, however, is better made when considering the relief sought versus the relief obtained. Where the relief sought differs from the relief obtained because the prevailing party lost on some issue, that lost issue directly relates to a party's lack of success in obtaining the relief it sought. *Hensley*, 461 U.S. at 438 n.14. But the division on an issue-by-issue basis is not sound where, as here, the prevailing party obtained all of the relief sought.

11

relief in the form of reimbursement for private tuition and associated costs. And she prevailed on that claim when an administrative officer issued an order, pursuant to the parties' consent decree, awarding her the requested relief. While it may be that the terms of the administrative order and Rena C.'s entitlement to attorneys' fees are discrete issues, they still pertain to a single claim, without which there would be no entitlement to attorneys' fees. Rena C. cannot be the prevailing party on the entitlement to attorneys' fees without also having been the prevailing party on the claim from which that entitlement derives.[10]

Consequently, we will remand for recalculation of reasonable attorneys' fees. The District Court maintains its discretion in that process and should exercise it "in light of the considerations" laid out in *Hensley* for a prevailing party in a single-claim lawsuit. 461 U.S. at 434-37.

---

[10] To the extent the District Court separately considered Rena C.'s success on appeal, we likewise conclude that there was error in dividing her single challenge into an issue-by-issue analysis. Again, it is the result that matters, *see Hensley*, 461 U.S. at 435, and the result on her one claim was a victory. We agreed with Rena C. on her first appeal, concluding that she was eligible for attorneys' fees accrued after Colonial's ten-day offer. *Rena C.*, 890 F.3d at 420. Neither our disagreement on the validity of the offer and on pendency, nor our decision declining to address alternative grounds, provides "a sufficient reason for reducing a fee." *Hensley*, 461 U.S. at 435.

### 2. Rejecting Colonial's offer does not preclude Rena C. from recovering attorneys' fees for subsequent time spent on terms originally included in the offer.

As already noted, a prevailing party may be statutorily barred from recovering attorneys' fees "for services performed subsequent to the time of a written offer of settlement to a parent if[,]" among other things, she objects to that offer and "the relief finally obtained … is not more favorable … than the offer[.]" 20 U.S.C. § 1415(i)(3)(D)(i). That bar "applies … *unless she was substantially justified in rejecting [that] offer.*" *Rena C.*, 890 F.3d at 417 (emphasis added) (citations omitted). Under those rules, we previously determined that Rena C. was eligible to recover post-offer attorneys' fees because she was substantially justified in rejecting Colonial's offer. *Id.* The District Court on remand stated, however, that "[t]he Third Circuit, finding that 'the relief ultimately obtained by Rena C. was not more favorable than the settlement offer[,]' concluded that the 20 U.S.C. § 1415(i)(3)(D)(i) bar applied." (App. at 23.) That misapprehends our earlier ruling. The statutory bar, § 1415(i)(3)(D)(i), did not and does not preclude Rena C. from recovering post-offer attorneys' fees.

It appears that the District Court interpreted the statutory bar provision as one that applies on an issue-by-issue basis. In light of our prior decision that Rena C. had not obtained more favorable terms than Colonial's original offer, the District Court applied that statutory bar to attorneys' fees deriving from time spent related to terms that were previously included in Colonial's offer. But the gravamen of our ruling was that Rena C. was entitled to post-offer fees.

13

Applying the statutory bar as the District Court did undermined that earlier decision. In IDEA's statutory scheme, the bar on recovery of fees either applies or it does not. The equivalence of Colonial's offer and the substantive relief Rena C. obtained is only a consideration for eligibility; § 1415(i)(3)(F) does not mandate a reduction in attorneys' fees for time spent on terms that were previously included in a school's rejected offer. Attorneys' fees need not necessarily be reduced post-offer, even if a prevailing-party parent does not obtain terms "more favorable" than a school's offer. *See generally* 20 U.S.C. § 1415(i)(3)(F) (listing the factors that mandate a reduction in the amount of attorneys' fees and which does not include a reduction when the relief obtained is not more favorable than the offer of settlement).

Once its offer was rejected, Colonial was under no obligation, statutory or otherwise, to offer those terms again – a fact the District Court recognized. (App. at 107 ("There is no requirement that a school district make a better offer or reinstate the ten-day offer after it expired or was rejected. A school district is free to offer more or less than what it had originally offered.").) Rena C. and her attorneys, therefore, could not have reasonably prepared for the administrative proceedings without accruing post-offer attorneys' fees associated with one-on-one instruction, pendency, or any other terms essential to Rena C. As we previously held that Rena C. was substantially justified in rejecting Colonial's offer, we likewise now conclude that the statutory bar does not preclude Rena C.'s eligibility to recover post-offer attorneys' fees related to terms that

14

were previously included in that rejected offer.[11]  When the District Court recalculates attorneys' fees, that eligibility should be borne in mind, though it does not dictate the result.

**B.      On remand, the District Court maintains discretion to calculate Rena C.'s award of attorneys' fees.**

Our holding is limited to eligibility.  That is, we conclude that Rena C. is eligible to recover reasonable attorneys' fees without the exceptions imposed by the District Court, and we do not disturb the Court's decision to exclude certain excessive or duplicative time entries.  *See* App. at 14-20.  *But see supra* n.5.  On remand, we leave in the Court's hands the determination of the amount of fees.[12]  The District Court continues to have discretion, and we will generally affirm the exercise of that discretion so long as it is "exercised in light of the considerations we have identified" and is accompanied by "a concise but clear explanation of [the] reasons for the fee award."  *Hensley*, 461 U.S. at 437.

---

[11] For the same reasons, we also conclude that the fact that time was spent litigating terms originally included in Colonial's offer does not, in and of itself, suffice to say that Rena C. or her attorneys "unreasonably protracted the final resolution of the controversy."  20 U.S.C. § 1415(i)(3)(F)(i).  Vacatur is also in order to the extent the District Court reduced Rena C.'s attorneys' fees on that basis.  (App. at 22 ("Rena unnecessarily protracted the due process proceeding and her attorneys spent a significant amount of time continuing to litigate pendency after Colonial had offered it.").)

[12] We also leave in the Court's hands the determination of lead counsel's hourly rate.  *See supra* n.2; *see also Bell*, 884 F.3d at 725 (recognizing that "it would be fairly easy for the district court to recheck its work in response to allegations of errors in calculation and either to adjust the fee award accordingly or to explain why the calculation was not erroneous").

**III.    CONCLUSION**

For the foregoing reasons, we will vacate the order awarding attorneys' fees and remand for recalculation consistent with this opinion.